298 P.2d 1039

**Edith M. BYERS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of the State of Arizona, and B. F. Hill, A. R. Kleindienst, and F. A. Nathan, Members of the Industrial Commission of the State of Arizona, and Albert E. Main, Respondents.**

No. 6203.

Supreme Court of Arizona.

July 3, 1956.

Lester J. Hayt and Alan Philip Bayham, Phoenix, for petitioner.

John R. Franks, Donald J. Morgan and John F. Mills, Phoenix, of counsel, Robert K. Park, Phoenix, for respondent Industrial Commission.

WINDES, Justice.

We issued certiorari on the petition of Edith M. Byers to review an award of the Industrial Commission of Arizona denying her death benefits under the workman's compensation law for the death of her husband which she claimed arose out of and in the course of his employment.

Facts for which there is ample evidence in support are: The decedent had worked intermittently for the respondent employer for about five years as a city delivery man. He reported for work on the morning of April 11, 1955, about 7:30 o'clock. He was requested by his employer to go to the repair shop and assist the superintendent in cleaning up the shop. On his arrival the cleanup work was virtually completed. From between 8 and 9 o'clock until shortly after 11:00 o'clock he performed about one-half hour's light work sweeping and picking up trash. During this period, while at the shop, decedent complained of pains in the chest and shortness of breath. Shortly after 11:00 o'clock decedent decided to leave and go over to Acme Materials at 7th Street and the Salt River and take it easy. For this purpose he took the employer's truck and proceeded down the driveway towards Central Avenue. After proceeding a short distance the truck gradually curved to the left off the driveway and into some trees. The daughter of the employer observed the truck before it finally slowed to

a stop. When she reached the truck, decedent was in the front seat gasping for breath. The truck was in second gear and the ignition key turned off. Dr. C. L. Kline was called, pronounced decedent dead, noticed no evidence of external injury and was of the opinion that death was brought on by coronary occlusion.

The day following, Dr. Maurice Rosenthal performed an autopsy and reported as follows:

"This subject showed severe arteriosclerotic coronary artery disease with occlusion of the left descending coronary artery, and also a marked narrowing of the right coronary artery as a result of a similar arteriosclerotic process. The finding of pulmonary edema and congestion with effusion in the pleural spaces, as well as an increased quantity of fluid in the pericardial sac, are consistent with acute myocardial failure.

"Therefore, in my opinion, this subject apparently expired because of an acute myocardial failure associated with his arteriosclerotic coronary artery disease."

At the hearing Dr. Rosenthal's testimony was in harmony with his report. He testified that decedent's heart condition was the result of a chronic and long-standing arteriosclerotic process; that the occlusion was due to this condition and the indications were that his heart had been in the process of failing for several days prior to death;

that with such a condition death could occur at almost any time; and that he could have died "in bed or anywhere under any circumstances because he was living on thin ice." The doctor likewise testified that decedent had a superficial discoloration on the forehead to which he attached no significance. He gave as his opinion that the blow did not cause concussion and that in his opinion the death was the natural consequences of the pre-existing heart condition.

There are a number of assignments of error but they all present the question of whether from the evidence the commission could legally conclude that there was no causal connection between the decedent's employment and his death. Much of petitioner's argument consists of quarreling with how the commission weighed the evidence. With that we are not concerned. Much reliance is placed upon the proposition that an unexplained death is presumed to have resulted from an accident arising out of the employment. This rule may not be invoked for the reason that the cause of this death is explained from an autopsy examination and medical opinion based thereon. Petitioner debates much about whether the blow which the doctor designated as a contusion of slight significance occurred before or after heart failure and was a contributing factor. There was no explanation for loss of control of the car except the heart attack. There was no explanation for the contusion except from a blow resulting from the collision of the car.

Consequently, the only reasonable inference is that the blow followed the heart failure. Dr. Rosenthal said that if this were the situation, in his opinion the heart failure was the result of a long-standing condition.

We conclude there was ample evidence to support the commission in its finding that the death of decedent did not arise out of his employment.

Award affirmed.

LA PRADE, C. J., and UDALL, PHELPS, and STRUCKMEYER, JJ., concurring.